UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA MIRANDA, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CENTRAL CREDIT & FINANCE, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, CENTRAL CREDIT & FINANCE, INC. ("CENTRAL CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.  As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5.  Plaintiff is a natural person, a resident of Bronx, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.  CENTRAL CREDIT maintains a location at 9550 Regency Square Boulevard, Suite 500A, Jacksonville, Florida 32225.

7.  CENTRAL CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8.  CENTRAL CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9.  John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency

## CLASS ACTION ALLEGATIONS

10.  Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New York consumers and their successors in interest (the

"Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices from CENTRAL CREDIT concerning a debt owned by TOYOTA MOTOR CREDIT CORP., which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

13. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

14. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to

seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. At some time prior to June 12, 2018, Plaintiff allegedly incurred a financial obligation to TOYOTA MOTOR CREDIT CORP. ("TOYOTA MOTOR").

18. Plaintiff allegedly incurred the TOYOTA MOTOR obligation in connection with the purchase and/or lease of a motor vehicle.

19. The TOYOTA MOTOR obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the TOYOTA MOTOR obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The TOYOTA MOTOR obligation did not arise out of a transaction that was for non-personal use.

22. The TOYOTA MOTOR obligation did not arise out of a transaction that was for business use.

23. The TOYOTA MOTOR obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. TOYOTA MOTOR is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. On or before June 12, 2018, TOYOTA MOTOR referred the TOYOTA MOTOR obligation to CENTRAL CREDIT for the purpose of collections.

26. At the time the TOYOTA MOTOR obligation was referred to CENTRAL CREDIT the TOYOTA MOTOR obligation was past due.

27. At the time the TOYOTA MOTOR obligation was referred to CENTRAL CREDIT the TOYOTA MOTOR obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28. Prior to the TOYOTA MOTOR obligation being referred to CENTRAL CREDIT for the purpose of collections, the motor vehicle that was the subject of the TOYOTA MOTOR obligation was subjected to repossession procedures in accordance with the Uniform Commercial Code.

29. Prior to the TOYOTA MOTOR obligation being referred to CENTRAL CREDIT for the purpose of collections, a credit was applied to the obligation due to the sale of the motor vehicle that was the subject of the TOYOTA MOTOR obligation in accordance with the Uniform Commercial Code.

30. Defendants caused to be delivered to Plaintiff a letter dated June 12, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

31. The June 12, 2018 letter was sent to Plaintiff in connection with the collection of the TOYOTA MOTOR obligation.

32. The June 12, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The June 12, 2018 letter is the initial written communication sent from Defendant to the Plaintiff.

34. Upon receipt, Plaintiff read the June 12, 2018 letter.

35. The June 12, 2018 letter provides the following information regarding the balance claimed due on the TOYOTA MOTOR obligation:

**Balance:    $9,760.58**

36. The June 12, 2018 letter did not itemize or breakdown the amount of the debt by principal, interest, fees, other charges and/or credits.

37. The outstanding balance claimed to be due by Defendants on the TOYOTA MOTOR obligation as of June 12, 2018 included an amount for interest, fees, other charges and/or credits.

38. The June 12, 2018 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

39. The June 12, 2018 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees.

40. The June 12, 2018 letter did not inform Plaintiff that the amount of the debt included amounts incurred in connection with repossession procedures in accordance with the Uniform Commercial Code.

41. The June 12, 2018 letter did not inform Plaintiff that the amount of the debt included a credit being applied to the obligation due to the sale of the motor vehicle that was the subject of the TOYOTA MOTOR obligation in accordance with the Uniform Commercial Code.

42. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d

1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 U,S. Dist. LEXIS 100886, Grubb v. Green Tree Servicing, 2017 U.S. Dist. LEXIS 117465.

43. CENTRAL CREDIT knew or should have known that its actions violated the FDCPA.

44. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

45. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Making a false representation of the character, amount or legal status of the debt;

   (c) Using a false representation or deceptive means in connection with the collection of a debt; and

   (d) Failing to effectively convey the amount of the debt.

46. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

47. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

50. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused concerning the basis for the amount of the debt.

51. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the amount of debt only consisted of principal.

52. Defendants' attempt to collect the alleged debt without first effectively conveying the amount of the debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10); and § 1692g(a)(1).

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

54. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the TOYOTA MOTOR obligation included an amount for interest, fees, other charges and/or credits.

56. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

57. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

58. By failing to disclose that the amount allegedly due on the TOYOTA MOTOR obligation included an amount for interest, fees, other charges and/or credits, Defendants made a false representation of the character, amount or legal status of a debt.

59. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60. Defendants failure to disclose that the amount allegedly due on the TOYOTA MOTOR obligation included an amount for interest, fees, other charges and/or credits violated 15 U.S.C. § 1692e(10).

61. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

62. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to itemize the components that comprised the amount of the debt.

63. Defendants violated 15 U.S.C. § 1692g(a)(1) by presenting the amount of the debt as a single lump sum.

64. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to provide a itemization of the obligation by principal, interest, fees, other charges and/or credits

65. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

66. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

67. Plaintiff and others similarly situated have a right to receive proper notices as mandated by the FDCPA.

68. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

69. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

70. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 16, 2018

Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (BK 2794)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

P.O. Box 1259, Dept. #119195
Oaks, PA 19456

Return Mail Only - No Correspondence or Payments

**Central Credit Services LLC**
9550 Regency Square Blvd Suite 500A
Jacksonville, FL 32225
(888) 500-4801

OFFICE HOURS (EST):
8AM-9PM MONDAY - THURSDAY
8AM-5PM FRIDAY

LISA MIRANDA
1892 MORRIS AVE APT 2N
BRONX NY 10453-6008

Central Credit #: ▓▓▓▓▓▓
June 12, 2018

**Current Creditor:** TOYOTA MOTOR CREDIT CORP
**Account:** ▓▓▓▓▓▓▓▓▓▓▓▓
**Balance:** $9,760.58

Please be advised that TOYOTA MOTOR CREDIT CORP has asked our office to work with you to resolve the above referenced account. According to TOYOTA MOTOR CREDIT CORP records, your leased vehicle was returned and your account balance may consist of one or more of the following charges; unpaid lease charges, mileage and/or wear and use over and above that allowed by your lease agreement. If you are unable to remit the balance of your account, we kindly ask that you contact our office so we can assist you in the repayment of your account. The preceding information does not affect your rights set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Central Credit Services

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose. Calls to or from this company may be monitored or recorded for quality assurance.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

---

Please Detach And Return in The Enclosed Envelope With Your Payment

Date: June 12, 2018                                          Central Credit Services LLC

In compliance with NYC Code Section 20-493.1 and Yonkers City Code § 31-162, contact Jeff Smith of Central Credit Services LLC at (888) 504-1278.

New York City Department of Consumer Affairs License Numbers: 1469470, 2016914, 2016916, 2016918, 2016920, 2016921, 2016922, 2016924

Please update change of address and phone(s) below:

| STREET ADDRESS or PO BOX | | |
|---|---|---|
| CITY | STATE | ZIP CODE |
| TELEPHONE #1 | | |
| TELEPHONE #2 | | |
| TELEPHONE #3 | | |

JS 44C/SDNY
REV. 06/01/17

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Lisa Miranda, on behalf of herself and all others similarly situated

**DEFENDANTS**
CENTRAL CREDIT & FINANCE, INC. and JOHN DOES 1-25

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
BEN KAPLAN, CHULSKY KAPLAN LLC, 280 PROSPECT AVE. 6G
HACKENSACK, NJ 07601 (877) 827-3395 EX 102; CELL (201) 803-6611
BEN@CHULSKYKAPLANLAW.COM

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. $ 1692, letter did not effectively convey the amount of the alleged debt required by 15 U.S.C. $ 1692e, and $ 1692g(a)(1).

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [✓] Yes [ ]

Judge Previously Assigned

If yes, was this case  Vol. [ ]  Invol. [ ]   Dismissed. No [ ] Yes [ ]   If yes, give date _____ & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?    No [X]   Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)      **NATURE OF SUIT**

**TORTS**                                                                                          **ACTIONS UNDER STATUTES**

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | **PROPERTY RIGHTS** | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 820 COPYRIGHTS | | [ ] 430 BANKS & BANKING |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 830 PATENT | | [ ] 450 COMMERCE |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 460 DEPORTATION |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | | [ ] 840 TRADEMARK | **SOCIAL SECURITY** | [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | **LABOR** | [ ] 861 HIA (1395ff) | [x] 480 CONSUMER CREDIT |
| | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 160 STOCKHOLDERS SUITS | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 OTHER CONTRACT | | **PRISONER PETITIONS** | [ ] 740 RAILWAY LABOR ACT | [ ] 864 SSID TITLE XVI | |
| [ ] 195 CONTRACT PRODUCT LIABILITY | **ACTIONS UNDER STATUTES** | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 865 RSI (405(g)) | [ ] 890 OTHER STATUTORY ACTIONS |
| | **CIVIL RIGHTS** | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | | **FEDERAL TAX SUITS** | [ ] 891 AGRICULTURAL ACTS |
| [ ] 196 FRANCHISE | | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 535 DEATH PENALTY [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| **REAL PROPERTY** | [ ] 441 VOTING | | | | [ ] 896 ARBITRATION |
| [ ] 210 LAND CONDEMNATION | [ ] 442 EMPLOYMENT | **PRISONER CIVIL RIGHTS** | **IMMIGRATION** | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 220 FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240 TORTS TO LAND | | | | | |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 448 EDUCATION | | | | |

Check if demanded in complaint:

[✓] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $_____  OTHER _____     JUDGE _____  DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)   **ORIGIN**

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
  [ ] a. all parties represented
  [ ] b. At least one party is pro se.
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation (Transferred)
[ ] 7 Appeal to District Judge from Magistrate Judge
[ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)   **BASIS OF JURISDICTION**   *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
LISA MIRANDA (CLIENT RESIDENCE BRONX COUNTY)
C/O CHULSKY KAPLAN LLC (LAW FIRM)
280 PROSPECT AVE. 6G
HACKENSACK, NJ 07601

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
CENTRAL CREDIT & FINANCE, INC.
9550 REGENCY SQUARE BOULEVARD
SUITE 500A
JACKSONVILLE, FLORIDA 32225

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:
JOHN DOES 1-25

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 12/16/2018   SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #   s/ Ben A. Kaplan

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. June  Yr. 2010)
Attorney Bar Code # BK3594

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)